## MATHER'S CASE.

*Supreme Court, First District; At Chambers, March,* 1862.

DISCHARGE UNDER FOURTEEN-DAY ACT.—POWER OF JUSTICE AT CHAMBERS.

An application for the discharge of a judgment-debtor from imprisonment on execution against the person—under 2 Rev. Stat., 31, § 1 (amended, 1847, ch. 390, § 1)—must be made to the court. A judge out of court has no jurisdiction of such matter.

Application for a discharge from imprisonment, under the Fourteen-day Act.

The defendant Mather had been arrested under an execution against the person, upon a judgment for $1,536.68. After remaining in custody, upon the limits, for three months, he gave notice of application for his discharge from imprisonment, under 2 Rev. Stat., 31, as amended in 1847. His petition was addressed "To the Justice of the Supreme Court, of the State of New York,"—his notice of application stated that the application was to be made to a justice of the Supreme Court, at chambers, on the first Monday of February. On this day the petitioner appeared. The creditor, under whose execution he was held, raised no objections to the form of the application, but claimed the right of examining the petitioner and other witnesses as to the petitioner's property. At the conclusion of the examination, the creditor opposed the discharge, on the ground,

that certain transfers of the petitioner's property were fraudulent as against creditors.

*Cornelius Fiske*, for the petitioner.

*Benjamin Vaughan Abbott*, for the judgment-creditor.

INGRAHAM, P. J.—There is a fatal objection to these proceedings which cannot be obviated, and, although not made by the creditor's counsel, cannot be overlooked as going directly to the jurisdiction.

The notice of application for a discharge is, that it will be made to a justice of this court at chambers. A justice out of court has no authority to grant, in such a proceeding, a discharge.

The statute (3 *Rev. Stat.*, 5 ed., 105) says, that the debtor may petition the court from which the process issued, &c.

The application must be to the court, and not to a judge out of court: he has no authority, and no jurisdiction in the matter.

Independent of this objection, I see nothing in the evidence to prevent the discharge. The sale of stock is, perhaps, not altogether free from suspicion; but as the purchaser thinks himself able to pay the notes, and as the debtor's interest in them would pass to his assignee, I do not think the facts proven sufficient to prevent the discharge; but as the proceeding is void for want of jurisdiction, I must deny the application, without prejudice to renewing it in a proper manner.

Application denied.