Hayes agt. Bowe.

# N. Y. COMMON PLEAS.

## Luther M. Hayes agt. Peter Bowe, sheriff.

*Imprisoned debtors — Order for discharge must be made by the court — When it does not appear on its face that the discharge was an order of the court, Sheriff not bound to discharge prisoner.*

Where it does not appear upon the face of an order for the discharge of an imprisoned debtor whether it was made by the court or by a judge out of court, as the order must in all cases be made by the court, the sheriff is not to be subjected to an action for false imprisonment because . he refused to discharge the debtor from imprisonment upon the order, especially after such debtor was advised that the order was defective.

*General Term, June,* 1883.

Daly, *C. J.*— The application for the discharge of an imprisoned debtor must be either to the court where the judgment was rendered, and under which he was arrested and imprisoned, or to the court of common pleas of the county; and the order for his discharge must be made by the court (*Mather's case*, 14 *Abb.*, 45 ; *In the matter of Walker*, 2 *Duer*, 655). Whether the order in this case was made by the court does not appear upon the face of the discharge. For all that appeared, it may have been an order made by judge Larremore out of court. It is entitled in the court of common pleas, and so are the orders made by a judge at chambers. It refers to a petition presented to the court, and of an assignment of all the real and personal estate of the debtor having been made and executed by the plaintiff in pursuance of an order of the court. But whether anything further was done by the court does not appear on the face of it. All that it states afterwards is that, on the motion of the counsel for the defendant, " it is ordered that the defendant be discharged from custody," and it is signed R. L. Larremore, J. C. P.

It may be that if the sheriff had acted upon this order, and discharged the defendant, he would have been protected by

showing the proceedings in court in connection with it, though I am inclined to think, as the counsel for the sheriff claims, that the assignment is defective. But, be that as it may, the sheriff is not to be subjected to an action like this, for false imprisonment, because he refused to discharge the plaintiff from imprisonment upon this order, especially after the plaintiff was advised that the order was defective by the legal gentleman who was acting for the sheriff, that gentleman having, by letter, upon the previous day, advised the plaintiff that there was some irregularity in the order of discharge that had been filed with the sheriff which rendered the validity of the discharge questionable, and requested him to call at his (Mr. Graham's) office in relation to it.

It was an easy matter, if all the previous proceedings were regular, to have had the order entered in the usual way, as an order of the court, and to obtain a copy of it authenticated by the clerk in the ordinary form. This it appears the plaintiff did not do, and being retaken within the jail limits on a remand, he brought this action for false imprisonment. As it did not appear on its face that this discharge was an order of the court, the sheriff was not bound to ascertain whether it was or to examine to see upon what proceedings it was founded (*Earl* agt. *Camp*, 16 *Wend.*, 656), in which case, the court say : "That in general ministerial officers ought not to look beyond the process, and in no case need they do so." The sheriff did all that he was required to do, when, both by the under sheriff and by his legal adviser, he called the plaintiff's attention to the irregularity appearing on the face of the process.

I think, therefore, that the action was properly dismissed and that the judgment by the judge at special term should be affirmed.

J. F. DALY, J., concurs.